## Taylor v. Collins and Taylor, et al.

(Decided November 25, 1927.)

Appeal from Madison Circuiit Court.

1. Fraudulent Conveyances.—Where a conveyance is such as creditors may set aside because voluntary and void, under Ky. Stats., sec. 1907, if a consideration is afterward paid, this may purge the fraud and give validity to the transaction.

2. Fraudulent Conveyances.—Where after voluntary conveyance of property by debtor to his wife, debtor's creditor brought suit to set aside conveyance on ground that it was voluntary and therefore void under Ky. Stats., sec. 1907, and thereafter debtor's nephew paid creditor's claim, which exhausted all equity which debtor had in property which could be subjected to his debts, payment of claim by nephew was equivalent to restoration of property and purged whatever fraud there was in the conveyance.

WALLACE & WIGGINS and GEORGE T. ROSS for appellant.

BURNAM & GREENLEAF for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

In September, 1919, the appellees, J. S. Collins and Morgan Taylor, became indebted to the appellant in the sum of $2,000, which sum is as yet unpaid. At that time J. S. Collins was the owner of a house and lot in Richmond, Ky., in which he was then living and in which he continued to live until January, 1925. There was at the time Collins and Taylor became indebted to the appellant a mortgage on this house and lot slightly in excess of

$2,000. In 1921 the son of J. S. Collins paid off the mortgage, in consideration of which J. S. Collins deeded the property in question to his wife, the appellee Katie M. Collins, she executing a note secured by a lien on the property to her son for the money he thus advanced her. Later this lien was released by her son. Of course to the extent that the property exceeded in value this mortgage this conveyance by J. S. Collins to his wife was a voluntary one, but there is no evidence in the record to show that Mrs. Collins knew that her husband was at that time financially involved, or owed any debts other than the mortgage in question, or that the conveyance was made with any fraudulent intent to cheat, hinder, delay, or defraud any creditor of her husband. Later a Richmond bank to whom J. S. Collins was indebted brought a suit to collect its indebtedness, at the same time attacking this conveyance made by Collins to his wife. In this suit the Richmond bank procured an attachment to be issued and had it levied on this house and lot. Thereafter a nephew of Collins, to protect his aunt, settled with this Richmond bank by paying it approximately $1,500 in settlement of its claim. On his doing so, the bank dismissed its suit and attachment. The nephew was of the opinion that, by doing as he did, the title would be absolutely vested in his aunt free from any further claim of any other creditor of J. S. Collins. The proof is indisputable that the property has never been worth in excess of the sum of the mortgage which Collins' son paid, the amount paid by this nephew to the Richmond bank, and the homestead exemption which Collins had in this property by virtue of his residence therein. In 1924 this suit was brought by the appellant also to set aside this conveyance by Collins to his wife on the ground that it was voluntary and therefore void under section 1907 of the Kentucky Statuates. It will be noted that appellant sought to set aside the conveyance here in question, not because of any actual fraud involved in it, but solely because of the fact that it was a voluntary conveyance. To the extent of the mortgage that was on the property at the time Collins conveyed to his wife, and which was paid by their son for his mother, the conveyance was not voluntary. It was only voluntary to the extent of the equity which Collins owned in the house and lot at that time. When the Richmond bank brought its suit and procured its attachment, in the absence of bankruptcy proceedings or proceedings under

section 1910 of our Statutes, this bank, if its claim was valid, could have exhausted the value of Collins' equity in this property in the payment of its claim and there would have been nothing left for any other creditor of Collins. When Collins' nephew paid the Richmond bank what was due it and settled its claim for his aunt it was just the same as though the bank had had the property sold, bought it in, and then resold it to this nephew making the deed to Mrs. Collins. By this settlement with the Richmond bank full consideration was finally paid for Mrs. Collins for the property.

In 27 C. J. 468, the rule governing this case is thus stated:

> "If a conveyance is such as creditors may set aside because voluntary, if a consideration is afterward paid, this may purge the fraud and give validity to the transaction."

It is on this principle that the case of Walker v. Williamson, 177 Ky. 599, 198 S. W. 10, in its ultimate analysis, must be based. We there held that a conveyance by a debtor in consideration of future support is a voluntary conveyance, but that where support has been furnished in good faith, the conveyance will be sustained to that extent. In Hutchins v. Sprague, 4 N. H. 469, 17 Am. Dec. 439, the reason for the rule is succinctly stated in these words:

> "However fraudulent the contract under which the goods went into the hands of the trustee might have been, if, before the service of the process, he had repented of the fraudulent purpose and restored the goods to the principal, it is clear, he would have been entitled to be discharged in this case. And we see no reason why a bona fide payment of debts due from the principal to the full value of the goods . . . should not be deemed equivalent in this case to a restoration of the goods."

In 12 R. C. L. p. 641, the rule is thus stated:

> "A fraudulent grantee cannot be required to account to the creditors of his vendor for any greater sum than the value of the property acquired by him under the transfer, and he may relieve himself from liability to the creditors of his grantor by paying to bona fide creditors a sum of money equal to the value

of such property, or he may claim credit pro tanto for a smaller sum so paid, and it is immaterial that he was compelled to make such payment by legal process; but in such case the burden is on the fraudulent grantee not only to show the payment, but also to show that the debts discharged were subsisting, legal, bona fide demands against his grantor. The whole object of the law is to make the grantee disgorge the ill-gotten gain by virtue of the fraudulent transaction. When he does this, either by returning the property or its equivalent in money, he cannot be punished by making him pay more.''

See, also, 12 R. C. L. p. 476.

The case of Poague v. Boyce, 6 J. J. Marsh, 70, is not in conflict with these principles. In that case, the fraudulent grantee participated in the actual fraud involved in the alleged fraudulent conveyance, and, further, thereafter paid his fraudulent grantor the consideration for the alleged fraudulent conveyance in order that his grantor might thus get the consideration to the prejudice of his creditors.

Applying these principles to the case before us, we find that the conveyance by Collins to his wife was voluntary only to the extent of his equity in the property. There was no actual fraud shown on the part of Mrs. Collins. The Richmond bank by its attachment has effectively put itself into a position of priority as against the other creditors of Collins. This position of priority was not attacked in any way by the other creditors of Collins. The bank's claim exhausted all the equity Collins had in this property which could be subjected to his debts. By the nephew paying off that claim for his aunt, full consideration was paid for Collins' equity, and to a creditor who by virtue of its attachment then stood in a position of priority so far as the other creditors of Collins were concerned. Under such circumstances, such payment should be deemed equivalent to the restoration of the property; and that is all the grantee could ever have been compelled to do. The payment of the nephew in this case purged whatever fraud in law there was in the conveyance. Therefore equity will allow Mrs. Collins to retain the property even though there are other creditors of her husband yet unsatisfied. The lower court having so held, its judgment is affirmed.

Whole court sitting.